UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 11056 JLT

CLARENDON NATIONAL
INSURANCE COMPANY,
            Plaintiff

v.

TIMOTHY MCNAMARA, 74 KENT
STREET, LLC, and RESOURCE
CAPITAL GROUP LP-1 LIMITED
PARTNERSHIP,
            Defendants

Civil Action No.

**COMPLAINT FOR DECLARATORY RELIEF**

**Parties**

1. The plaintiff, Clarendon National Insurance Company ("Clarendon"), is a corporation organized under the laws of New Jersey with a principal place of business in New York, New York.

2. The defendant, Timothy McNamara, is an individual residing in Brookline, Massachusetts.

3. The defendant, 74 Kent Street LLC ("74 Kent") is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Somerville, Massachusetts.

4. The defendant, Resource Capital Group LP-1 Limited Partnership ("RCG") is a limited partnership organized under the laws of the Commonwealth of Massachusetts with a

principal place of business in Cambridge, Massachusetts. Upon information and belief, RCG owns and/or controls 74 Kent.

## Jurisdiction

5.  This is a civil action over which this Court has diversity subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendants.

## Facts Relevant To All Counts

6.  By master deed dated August 1, 2001, 74 Kent Street LLC ("74 Kent") submitted the land and buildings located at 74 Kent Street, Brookline, Massachusetts to the provisions of G.L. c. 183A, thereby converting them into a condominium known as the Brookline Village Lofts (the "Condominium").

7.  Pursuant to the master deed, the unit owners association for the Condominium is organized in the form of a trust (the "Trust"). At all relevant times, Alex Steinbergh and R. Stanley Bowden of 74 Kent were the trustees of the Trust.

8.  On or about April 1, 2002, McNamara acquired beneficial title to unit C14 (the "Unit") of the Condominium. Subsequently, on or about April 23, 2003, McNamara also obtained legal title to the Unit.

9.  Under the terms of the declaration of trust for the Condominium, the Trust was to maintain certain insurance coverage for the Condominium buildings, including property insurance. The declaration of trust also provided that the Trust would hold any proceeds from such policies for the benefit of the unit owners.

10. On or about March 14, 2002, Clarendon issued Commercial Inland Marine Insurance Policy No. BHP 189700 (the "Policy") with a stated policy period from February 10,

2002 through February 10, 2003. A copy of the Policy is attached as Exhibit A. RCG and 74 Kent were named as insureds under the Policy, as were several affiliated entities.

11. The Policy provided certain property insurance coverages, subject to the terms and conditions of the Policy, to the Condominium buildings and some of 74 Kent's business personal property at the Condominium.

12. On October 9, 2002, a sprinkler in the Unit acquired by McNamara malfunctioned (the "October 2002 Incident"), allegedly causing property damage to the Unit and its contents.

13. The October 2002 Incident also caused property damage to several other units in the Condominium.

14. Upon receiving notification of the loss, Clarendon undertook a timely and thorough investigation. Clarendon made several partial payments for the damage to RCG and 74 Kent which, in turn, distributed the funds among the affected unit owners, including McNamara. Clarendon also entered into discussions to finalize the amount of the loss and to resolve the claim.

15. During the course of Clarendon's investigation and discussions with RCG and 74 Kent, McNamara asserted claims that he, as a unit owner, had an insurable interest under the Policy, and made demand that Clarendon compensate him for alleged damage to the Unit. McNamara threatened suit against Clarendon under Chapters 176D and 93A.

16. On July 17, 2003, despite having received a partial payment for his loss, McNamara filed an action against Clarendon styled *McNamara v. Clarendon National Insurance Company*, Norfolk Superior Court No. 03-0312 (the "Action") seeking injunctive relief to compel Clarendon to make payment to him under the Policy for structural and mold damage to the Unit as a result of the October 2002 Incident. McNamara also sought recovery for alleged

breaches of the Policy and violations of Chapter 176D and 93A. In its answer, Clarendon denied any liability for any of McNamara's claims.

17. In early 2004, McNamara and Clarendon settled the Action for $50,000. In addition, McNamara received $76,548.21 of the $405,368.02 in insurance proceeds paid by Clarendon to RCG and 74 Kent, resulting in a total payment to McNamara of $126,548.21.

18. On January 28, 2004, McNamara executed a release (the "Release") of any claims that he had or could have asserted against Clarendon in the Action.

19. On February 10, 2004, Alex Steinberg, the managing member of 74 Kent, executed and submitted to Clarendon on behalf of RCG and 74 Kent a sworn proof of loss stating that the total loss at the Condominium as a result of the October 2002 Incident was $457,868.82. This figure included the $50,000 settlement payment to McNamara.

20. McNamara has recently threatened a second suit against Clarendon seeking an additional $209,294 under the Policy for unreimbursed damage to the Unit and for damage to his personal property as a result of the October 2002 Incident. Once again, McNamara has threatened claims against Clarendon under Chapters 93A and 176D.

21. There exists between the parties an actual controversy as to whether Clarendon owes any obligation to McNamara, RCG, or 74 Kent under the Policy with respect to the October 2002 Incident. Pursuant to 28 U.S.C. §2201, this Court has the authority to enter a judgment declaring the rights and obligations of the parties in order to resolve the controversy between them.

### COUNT I: Declaration That Any Further Claims Against Clarendon Under The Policy Were Released

22. Clarendon reasserts the allegations in paragraphs 1 through 21 as though set forth fully herein.

23. In executing the Release, McNamara agreed to "release and discharge" Clarendon from any and all suit or claims that were or could have been asserted in the Action "including, but not limited to claims for *structural damage, loss of personal property*, personal injury, loss of use, mold damage, breach of contract, breach of fiduciary duties, *G.L. c. 93A/176D claims for insurance claims settlement practices, multiple damages, and/or expert and attorney fees*." (emphasis supplied).

24. McNamara executed the release freely, voluntarily, and with the benefit of counsel. McNamara received the consideration he bargained for in exchange for the release.

25. The release bars any further claims by McNamara against Clarendon for insurance proceeds under the Policy for the October 2002 Incident, including the recently-threatened claims for damage to the Unit and to his personal property.

26. The release also bars any claims against Clarendon for any alleged violations of Chapters 176D and 93A in connection with Clarendon's handling of McNamara's claims under the Policy.

27. Clarendon is entitled to a judgment declaring that it owes no obligation to McNamara under the Policy with respect to the October 2002 Incident by virtue of the Release.

**COUNT II: Declaration That Any Further Claims Under The Policy Are Barred By Accord And Satisfaction And The Prohibition Against Claim Splitting**

28. Clarendon reasserts the allegations in paragraphs 1 through 27 as though set forth fully herein.

29. McNamara asserted in the Action claims against Clarendon for property damage as a result of the October 2002 Incident.

30. McNamara accepted the $50,000 settlement in full satisfaction of his claims for insurance under the Policy and his claims against Clarendon for alleged violations of Chapters

176D and 93A. Any further claims against Clarendon for reimbursement under the Policy or for violation of Chapters 176D and 93A with respect to the October 2002 Incident are barred by the doctrine of accord and satisfaction.

31. Moreover, McNamara cannot maintain a second suit against Clarendon seeking coverage under the Policy for unreimbursed damage to the Unit and to his personal property, as this would effectively permit him to split his claims against Clarendon in violation of Massachusetts law.

32. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara under the Policy with respect to the October 2002 Incident.

### COUNT III: Declaration That Further Claims Under The Policy Are Barred By The Contractual Period Of Limitations

33. Clarendon reasserts the allegations in paragraphs 1 through 32 as though set forth fully herein.

34. The Other Conditions section of the Policy contains a contractual limitations provision that states:

> In addition to the "terms" which are contained in other sections of the [Policy] the following conditions apply. . . .
>
> 12. **Suit Against Us** – No one may bring a legal action against "us" under this coverage unless :
>
>     a. all of the "terms" of the [Policy] have been complied with; and
>
>     b. the suit has been brought within two years after "you" first have knowledge of the loss. . . .

35. McNamara became aware of the damage to the Unit and to his personal property for which he has recently threatened suit against Clarendon in October 2002 or shortly thereafter. RCG and/or 74 Kent also became aware of the damage in October 2002 or shortly thereafter.

36. More than two years have passed since McNamara, RCG, and 74 Kent first became aware of these losses, and the contractual limitations period for suits against Clarendon under the Policy for those losses has expired.

37. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara, RCG, and 74 Kent under the Policy for losses from the October 2002 Incident by virtue of the expiration of the contractual limitations period.

### COUNT IV: Declaration That Any Further Claims Are Barred By RCG's and 74 Kent's Submission Of A Proof Of Loss And Settlement Of Their Claims

38. Clarendon reasserts the allegations in paragraphs 1 through 37 as though set forth fully herein.

39. The named insureds, RCG and 74 Kent, have submitted a sworn proof of loss, and agreed to and accepted the amounts paid by Clarendon as full and final settlement of their claims under the Policy.

40. McNamara is not named as an insured on the Policy.

41. McNamara has no independent right to pursue additional amounts under the Policy for any alleged losses caused by the October 2002 Incident.

42. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara, RCG, or 74 Kent under the Policy for losses from the October 2002 Incident.

### COUNT V: Declaration That There Is No Coverage For McNamara's Personal Property

43. Clarendon reasserts the allegations in paragraphs 1 through 42 as though set forth fully herein.

44. The Property Covered section of the Policy provides:

> "We" cover direct physical loss to covered property at "covered locations" caused by a covered peril. We cover the following types of property.

>BUILDING PROPERTY
>
>This means buildings and structures . . .
>
>BUSINESS PERSONAL PROPERTY
>
>This means "your" business personal property in buildings or structures at "covered locations" or in the open (or in vehicles) on or within 1,000 feet of covered locations. . . .

45. An endorsement to the Policy, Condominium Association Changes, modifies the definitions of "Building Property" and "Business Personal Property," and provides as follows:

>1. The following are added to PROPERTY COVERED, BUILDING PROPERTY . . .
>
>But, Building does not include other personal property owned by, used by or in the care, custody or control of a unit-owner.
>
>2 The following are added to PROPERTY COVERED, BUSINESS PERSONAL PROPERTY . . . Covered Business Personal Property does not include personal property owned only by a unit-owner.

46. The Policy does not provide any insurance coverage for McNamara's personal property in the Unit.

47. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara, RCG, or 74 Kent under the Policy with respect to any alleged damage to McNamara's personal property as a result of the October 2002 Incident.

WHEREFORE, Clarendon requests that the Court enter a judgment:

A. Declaring that any claims by McNamara for additional coverage under the Policy are barred by: (1) the Release, (2) the doctrine of accord and satisfaction, and/or (3) the prohibition against claim splitting, and that Clarendon owes no obligation to McNamara with respect to the October 2002 Incident;

B.  That any claims by McNamara, RCG, or 74 Kent for coverage under the Policy are barred by the contractual limitations period in the Policy, and/or the fact RCG and 74 Kent have already submitted a proof of loss and resolved their claims, and that Clarendon owes no obligation to McNamara, RCG, or 74 Kent with respect to the October 2002 Incident; and

C.  In any event, any damage to McNamara's personal property is not covered by the Policy; and

D.  Granting such other relief as the Court deems just and proper.

Respectfully submitted,
CLARENDON NATIONAL INSURANCE COMPANY
By its Attorneys,

_____
Edward J. Barshak
John G. O'Neill
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030

Dated: May 19, 2005

363142.1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Clarendon National Insurance Company

(b) County of Residence of First Listed Plaintiff   N.A.
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) (617) 227-3030
Edward Barshak, Sugarman, Rogers, Barshak & Cohen
John G. O'Neill, 101 Merrimac St., Boston, MA 02114

## DEFENDANTS
(1) Timothy McNamara; (2) 74 Kent Street LLC
(3) Resource Capital Group LP-1 Limited Partnership

County of Residence of First Listed Defendant  Norfolk County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) (1) Roger S. Davis, Davis & Rubin, One Bowdoin Sq., Boston, MA 02114
(2)(3) unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332

Brief description of cause:
Insurance coverage dispute ($200,000 in dispute)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions:)  JUDGE _____   DOCKET NUMBER _____

DATE 5/19/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Clarendon National Insurance Co. v. McNamara**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   *(stamp: 05 11056 JLT)*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None.**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Edward Barshak, Esquire    John G. O'Neill, Esquire**
ADDRESS  **Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac St., Boston, MA 02114**
TELEPHONE NO. **(617) 227-3030**

(Coversheetlocal.wpd - 10/17/02)