UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CLARENDON NATIONAL
INSURANCE COMPANY,
                Plaintiff

v.

TIMOTHY MCNAMARA, 74 KENT
STREET, LLC, and
ALEX M. STEINBERGH,
                Defendants

Civil Action No. 05 11056 JLT

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

### Parties

1. The plaintiff, Clarendon National Insurance Company ("Clarendon"), is a corporation organized under the laws of New Jersey with a principal place of business in New York, New York.

2. The defendant, Timothy McNamara, is an individual residing in Brookline, Massachusetts.

3. The defendant, 74 Kent Street LLC ("74 Kent"), is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Somerville, Massachusetts.

4. The defendant, Alex M. Steinbergh, is an individual who resides in Cambridge, Massachusetts.

## Jurisdiction

5. This is a civil action over which this Court has diversity subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendants.

## Facts Relevant To All Counts

6. By master deed dated August 1, 2001, 74 Kent Street submitted the land and buildings located at 72-76 Kent Street, Brookline, Massachusetts to the provisions of G.L. c. 183A, thereby converting them into a condominium known as the Brookline Village Lofts (the "Condominium").

7. Pursuant to the master deed, the unit owners association for the Condominium is organized in the form of a trust (the "Trust"). At all relevant times, Alex Steinbergh and R. Stanley Bowden of 74 Kent were the trustees of the Trust.

8. On or about April 1, 2002, McNamara acquired beneficial title to unit C14 (the "Unit") of the Condominium. Subsequently, on or about April 23, 2003, McNamara also obtained legal title to the Unit.

9. Under the terms of the declaration of trust for the Condominium, the Trust was to maintain certain insurance coverage for the Condominium buildings, including property insurance. The declaration of trust also provided that the Trust would hold any proceeds from such policies for the benefit of the unit owners.

10. On or about March 14, 2002, Clarendon issued Commercial Inland Marine Insurance Policy No. BHP 189700 (the "Policy") with a stated policy period from February 10, 2002 through February 10, 2003. A copy of the Policy is attached as Exhibit A. The Condominium is listed as an insured location under the Policy. 74 Kent, its parent company,

Resource Capital Group ("RCG"), and Steinbergh and Bowden are listed as named insureds on the Policy.

11. The Policy provided certain property insurance coverages, subject to the terms and conditions of the Policy, to the Condominium buildings and some of 74 Kent's business personal property at the Condominium.

12. On October 9, 2002, a sprinkler in the Unit acquired by McNamara malfunctioned (the "October 2002 Incident"), allegedly causing property damage to the Unit and its contents.

13. The October 2002 Incident also caused property damage to several other units in the Condominium.

14. Upon receiving notification of the loss, Clarendon undertook a timely and thorough investigation. Clarendon made several partial payments for the damage to 74 Kent and RCG on behalf of the Trust, which technically was not named as an insured on the Policy. In turn, 74 Kent and RCG distributed the funds among the affected unit owners, including McNamara. Clarendon also entered into discussions to finalize the amount of the loss and to resolve the claim with 74 Kent and RCG on behalf of the Trust.

15. During the course of Clarendon's investigation and discussions with RCG and 74 Kent, McNamara asserted claims that he, as a unit owner, had an insurable interest under the Policy, and made demand that Clarendon compensate him for alleged damage to the Unit. McNamara threatened suit against Clarendon under Chapters 176D and 93A.

16. On July 17, 2003, despite having received a partial payment for his loss, McNamara filed an action against Clarendon styled *McNamara v. Clarendon National Insurance Company*, Norfolk Superior Court No. 03-0312 (the "Action") seeking injunctive relief to compel Clarendon to make payment to him under the Policy for structural and mold damage to the Unit as a result of the October 2002 Incident. McNamara also sought recovery for alleged

breaches of the Policy and violations of Chapter 176D and 93A. In its answer, Clarendon denied any liability for any of McNamara's claims.

17. In early 2004, McNamara and Clarendon settled the Action for $50,000. McNamara also received $76,548.21 of the $405,368.02 in insurance proceeds paid by Clarendon to RCG and 74 Kent, resulting in a total payment to him of $126,548.21.

18. On January 28, 2004, McNamara executed a release (the "Release") of any claims that he had or could have asserted against Clarendon in the Action.

19. On February 10, 2004, Alex Steinbergh, acting as a representative of 74 Kent, executed and submitted to Clarendon on behalf of the Trust a sworn proof of loss stating that the total loss at the Condominium as a result of the October 2002 Incident was $457,868.82. This figure included the $50,000 settlement payment to McNamara.

20. McNamara has recently threatened a second suit against Clarendon seeking an additional $209,294 under the Policy for unreimbursed damage to the Unit and for damage to his personal property as a result of the October 2002 Incident. Once again, McNamara has threatened claims against Clarendon under Chapters 93A and 176D.

21. There exists between the parties an actual controversy as to whether Clarendon owes any obligation to McNamara, 74 Kent, or Steinbergh under the Policy with respect to the October 2002 Incident. Pursuant to 28 U.S.C. §2201, this Court has the authority to enter a judgment declaring the rights and obligations of the parties in order to resolve the controversy between them.

### COUNT I: Declaration That McNamara Released Any Further Claims Against Clarendon Under The Policy

22. Clarendon reasserts the allegations in paragraphs 1 through 21 as though set forth fully herein.

23. In executing the Release, McNamara agreed to "release and discharge" Clarendon from any and all suits or claims that were or could have been asserted in the Action "including, but not limited to claims for *structural damage, loss of personal property*, personal injury, loss of use, mold damage, breach of contract, breach of fiduciary duties, *G.L. c. 93A/176D claims for insurance claims settlement practices, multiple damages, and/or expert and attorney fees*." (emphasis supplied).

24. McNamara executed the release freely, voluntarily, and with the benefit of counsel. McNamara received the consideration he bargained for in exchange for the release.

25. The release bars any further claims by McNamara against Clarendon for insurance proceeds under the Policy for the October 2002 Incident, including the recently-threatened claims for damage to the Unit and to his personal property.

26. The release also bars any claims against Clarendon for any alleged violations of Chapters 176D and 93A in connection with Clarendon's handling of McNamara's claims under the Policy.

27. Clarendon is entitled to a judgment declaring that it owes no obligation to McNamara under the Policy with respect to the October 2002 Incident by virtue of the Release.

**COUNT II: Declaration That Any Further Claims By
McNamara Under The Policy Are Barred By Accord And
Satisfaction And The Prohibition Against Claim Splitting**

28. Clarendon reasserts the allegations in paragraphs 1 through 27 as though set forth fully herein.

29. McNamara asserted in the Action claims against Clarendon for property damage as a result of the October 2002 Incident.

30. McNamara accepted the $50,000 settlement in full satisfaction of his claims for insurance under the Policy and his claims against Clarendon for alleged violations of Chapters

176D and 93A. Any further claims against Clarendon for reimbursement under the Policy or for violation of Chapters 176D and 93A with respect to the October 2002 Incident are barred by the doctrine of accord and satisfaction.

31. Moreover, McNamara cannot maintain a second suit against Clarendon seeking coverage under the Policy for unreimbursed damage to the Unit and to his personal property, as this would effectively permit him to split his claims against Clarendon in violation of Massachusetts law.

32. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara under the Policy with respect to the October 2002 Incident.

### COUNT III: Declaration That Any Further Claims Under The Policy By McNamara, 74 Kent, Or Steinbergh Are Barred By The Contractual Period Of Limitations

33. Clarendon reasserts the allegations in paragraphs 1 through 32 as though set forth fully herein.

34. The Other Conditions section of the Policy contains a contractual limitations provision that states:

> In addition to the "terms" which are contained in other sections of the [Policy] the following conditions apply. . . .
>
> 12. **Suit Against Us** – No one may bring a legal action against "us" under this coverage unless :
>
>     a. all of the "terms" of the [Policy] have been complied with; and
>
>     b. the suit has been brought within two years after "you" first have knowledge of the loss. . . .

35. McNamara became aware of the damage to the Unit and to his personal property for which he has recently threatened suit against Clarendon in October 2002 or shortly thereafter.

74 Kent and/or Steinbergh also became aware of the damage in October 2002 or shortly thereafter.

36. More than two years have passed since McNamara, 74 Kent, and Steinbergh first became aware of these losses, and the contractual limitations period for suits against Clarendon under the Policy for those losses has expired.

37. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara, 74 Kent, and Steinbergh under the Policy for losses from the October 2002 Incident by virtue of the expiration of the contractual limitations period.

**COUNT IV: Declaration That Any Further Claims By McNamara, 74 Kent, and Steinbergh Are Barred By 74 Kent's And Steinbergh's Prior Submission Of A Proof Of Loss And Settlement Of Their Claims**

38. Clarendon reasserts the allegations in paragraphs 1 through 37 as though set forth fully herein.

39. The named insureds, 74 Kent and Steinbergh, have submitted a sworn proof of loss on behalf of the Trust, and agreed to and accepted the amounts paid by Clarendon as full and final settlement of any claims under the Policy for any losses from the October 2002 Incident.

40. McNamara is not named as an insured on the Policy.

41. McNamara has no independent right to pursue additional amounts under the Policy for any alleged losses caused by the October 2002 Incident.

42. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara, 74 Kent, or Steinbergh under the Policy for losses from the October 2002 Incident.

**COUNT V: Declaration That There Is No Coverage For McNamara's Personal Property**

43. Clarendon reasserts the allegations in paragraphs 1 through 42 as though set forth fully herein.

44. The Property Covered section of the Policy provides:

> "We" cover direct physical loss to covered property at "covered locations" caused by a covered peril. We cover the following types of property.
>
> BUILDING PROPERTY
>
> This means buildings and structures . . .
>
> BUSINESS PERSONAL PROPERTY
>
> This means "your" business personal property in buildings or structures at "covered locations" or in the open (or in vehicles) on or within 1,000 feet of covered locations. . . .

45. An endorsement to the Policy, Condominium Association Changes, modifies the definitions of "Building Property" and "Business Personal Property," and provides as follows:

> 1. The following are added to PROPERTY COVERED, BUILDING PROPERTY . . .
>
> But, Building does not include other personal property owned by, used by or in the care, custody or control of a unit-owner.
>
> 2. The following are added to PROPERTY COVERED, BUSINESS PERSONAL PROPERTY . . . Covered Business Personal Property does not include personal property owned only by a unit-owner.

46. The Policy does not provide any insurance coverage for McNamara's personal property in the Unit.

47. Clarendon is entitled to a declaratory judgment that it owes no obligation to McNamara, 74 Kent, or Steinbergh under the Policy with respect to any alleged damage to McNamara's personal property as a result of the October 2002 Incident.

WHEREFORE, Clarendon requests that the Court enter a judgment:

A. Declaring that any claims by McNamara for additional coverage under the Policy are barred by: (1) the Release, (2) the doctrine of accord and satisfaction, and/or (3) the

prohibition against claim splitting, and that Clarendon owes no obligation to McNamara with respect to the October 2002 Incident;

    B.    That any claims by McNamara, 74 Kent, or Steinbergh for coverage under the Policy are barred by the contractual limitations period in the Policy, and/or the fact that 74 Kent and Steinbergh have already submitted a proof of loss on behalf of the Trust and resolved their claims, and that Clarendon owes no obligation to McNamara, 74 Kent, and Steinbergh with respect to the October 2002 Incident;

    C.    In any event, any damage to McNamara's personal property is not covered by the Policy; and

    D.    Granting such other relief as the Court deems just and proper.

> Respectfully submitted,
> CLARENDON NATIONAL INSURANCE COMPANY
> By its Attorneys,
>
> _____
> Edward J. Barshak
> John G. O'Neill
> SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
> 101 Merrimac Street
> Boston, MA 02114-4737
> (617) 227-3030

Dated: June 7, 2005

363795.1


## CERTIFICATE OF SERVICE

I, John G. O'Neill, hereby certify that on the above date I served the foregoing document upon the other parties to this litigation by mailing a copy of same to:

Stephen S. Clark
General Counsel
RCG LLC
17 Ivaloo Street
Somerville, MA 02143

Roger S. Davis, Esquire
Davis & Rubin
One Bowdoin Square, Suite 801
Boston, MA 02114

_____
John G. O'Neill

363795.1