UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY,<br>　　　　　　Plaintiff<br><br>v.<br><br>TIMOTHY MCNAMARA, 74 KENT STREET LLC, and ALEX M. STEINBERGH,<br>　　　　　　Defendants | Civil Action No.　　05 11056 JLT |

## ANSWER OF DEFENDANTS 74 KENT STREET LLC AND ALEX M. STEINBERGH

1.　　74 Kent Street LLC and Alex M. Steinbergh, hereinafter the "defendants," are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph one of the complaint.

2.　　The defendants admit the allegations in paragraph two of the complaint.

3.　　The defendants admit the allegation in paragraph three of the complaint.

4.　　The defendants admit the allegations in paragraph four of the complaint.

5.　　The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph five of the complaint.

6.　　The defendants admit the allegations in paragraph six of the complaint.

7.　　The defendants admit that pursuant to the master deed, the unit owners association for the Condominium is organized in a form of a trust known as the Brookline Village Lofts Condominium Trust (hereinafter, the "Trust") and that defendant Alex Steinbergh was an initial trustee of said Trust however the defendants deny that he is a current trustee.

8. The defendants admit the allegations in paragraph eight of the complaint.

9. The defendants admit the allegations in paragraph nine of the complaint.

10. The defendants admit the allegations in paragraph ten of the complaint.

11. The defendants admit the allegations in paragraph eleven of the complaint.

12. The defendants admit the allegations in paragraph twelve of the complaint.

13. The defendants admit the allegations in paragraph thirteen of the complaint.

14. The defendants admit the allegations in paragraph fourteen of the complaint.

15. The defendants admit the allegations in paragraph fifteen of the complaint.

16. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph sixteen of the complaint.

17. The defendants admit that co-defendant Timothy McNamara (hereinafter, "McNamara") received $76,548.21 from the insurance proceeds paid to 74 Kent however the defendant is without sufficient knowledge or information to form a belief as to the total payment to McNamara or the other allegations in paragraph seventeen.

18. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph eighteen of the complaint.

19. The defendants admit the allegations in paragraph nineteen of the complaint in so far as defendant Alex M. Steinbergh executed a sworn proof of loss as stated in paragraph nineteen however he did so as the managing member of 74 Kent, and not individually.

20. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty of the complaint.

21. The defendants admit the allegation in paragraph twenty-one that the Court has the authority pursuant to 28 U.S.C. §2201 to enter a judgment declaring the rights and obligations of the parties in order to resolve the controversy between them but are without

sufficient knowledge or information to form a belief as to the truth of the remaining allegation in paragraph twenty-one of the complaint.

22.     The defendants repeat and reallege the responses given in paragraphs one to twenty-one of this answer.

23.     The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty-three of the complaint.

24.     The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty-four of the complaint.

25.     The allegation in paragraph twenty-five calls for a conclusion of law and thus no answers are required of the defendants.

26.     The allegation in paragraph twenty-six calls for a conclusion of law and thus no answers are required of the defendants.

27.     The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty-seven of the complaint.

28.     The defendants repeat and reallege the responses given in paragraphs one through twenty-seven of this answer.

29.     The defendants admit the allegations in paragraph twenty-nine of the complaint.

30.     The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph thirty of the complaint.

31.     The allegation in paragraph thirty-one calls for a conclusion of law and thus no answers are required of the defendants.

32.     The allegation in paragraph thirty-two calls for a conclusion of law and thus no answers are required of the defendants.

33.     The defendants repeat and reallege the responses given in paragraphs one

through thirty-two of this answer.

34. The defendants admit the allegations in paragraph thirty-four of the complaint.

35. The defendants admit the allegations in paragraph thirty-five of the complaint.

36. The defendants admit that more than two years have passed since McNamara and defendant Alex M. Steinbergh first became aware of the cited losses but no further answer is required of the defendants as the concluding allegation in paragraph thirty-six calls for a conclusion of law.

37. The defendants admit the allegation in paragraph thirty-seven that the plaintiff owes them no obligation under the policy by virtue of the previous settlement and executed releases however the defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in regards to McNamara.

38. The defendants repeat and reallege the responses given in paragraphs one through thirty-seven of this answer.

39. The defendants admit the allegations in paragraph thirty-nine however they state that 74 Kent submitted the "Sworn Proof of Loss" Affidavit and that defendant Alex M. Steinbergh did not do so individually.

40. The defendants admit the allegation in paragraph forty of the complaint.

41. The allegation in paragraph forty-one calls for a conclusion of law and thus no answers are required of the defendants.

42. The allegation in paragraph forty-two calls for a conclusion of law and thus no answers are required of the defendants.

43. The defendants repeat and reallege the responses given in paragraphs one through forty-two of this answer.

44. The defendants admit the allegations in paragraph forty-four of the complaint.

45. The defendants admit the allegations in paragraph forty-five of the complaint.

46. The allegations in paragraph forty-six calls for a conclusion of law and thus no answers are required of the defendants.

47. The allegation in paragraph forty-seven calls for a conclusion of law and thus no answers are required of the defendants.

## FIRST DEFENSE

Although the defendant, Alex M. Steinbergh, is named as an insured under Clarendon's Commercial Inland Marine Insurance Policy No BHP 189700 (the "Policy"), he is not an appropriate defendant in the pending case. Because his only involvement is pursuant to his status as a former trustee of the Brookline Village Lofts Condominium Trust or in his capacity as a trustee of RCG 74 Kent Trust, which is the managing member of 74 Kent Street LLC, it is inappropriate to join him individually. As a result, the plaintiff fails to state a claim upon which relief can be granted as to the defendant Alex M. Steinbergh and the complaint should be dismissed as to Alex M. Steinbergh individually, pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The defendant, Alex M. Steinbergh, should be dismissed via Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted however in the event that he is not released from the litigation, the complaint should, at the very least, be amended so as to list him as a trustee of the RCG 74 Kent Trust, which is the managing member of the 74 Kent Street LLC. Said Trust is an appropriate entity to be joined and should be related back to the original complaint since but for the plaintiff's mistaken service of process on the defendant, Alex M.

Steinbergh, in his individual capacity, he was aware that as a trustee of the managing entity of 74 Kent Street LLC he would have been served in this capacity, pursuant to Fed. R. Civ. P. 15(c)(3). It was in this capacity that he executed the "Sworn Proof of Loss" Affidavit related to the sprinkler incident recited in the complaint.

## THIRD DEFENSE

Provided that he is added as a trustee of RCG 74 Kent Trust, the defendant, Alex M. Steinbergh individually, moves to dismiss himself from this litigation as he was an inappropriately joined party to the litigation. While the misjoinder of parties, pursuant to Fed. R. Civ. P. 21, is not grounds for dismissal of an action, parties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just. Since defendant Alex M. Steinberg's involvement in the case was only as trustee of the RCG 74 Kent Trust, the managing member of 74 Kent Street LLC, and not individually, he should be dropped from the suit.

Respectfully submitted,
74 KENT STREET LLC
ALEX M. STEINBERGH

By their Attorney,

_____
Stephen S. Clark, BBO # 085500
General Counsel
RCG LLC
17 Ivaloo Street Suite 100
Somerville, MA 02143
(617) 625-8315

Dated: June /o , 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the above answer upon Edward J. Barshak, Sugarman, Robers, Barshak, & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114, by First class mail, postage prepaid.

Date: 6/10/05

Stephen S. Clark, BBO # 085500
General Counsel
RCG LLC
17 Ivaloo Street Suite 100
Somerville, MA 02143
(617) 625-8315

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the above answer upon Roger S. Davis, Davis & Rubin, One Bowdoin Square, Suite 801, Boston, MA 02114 by First class mail, postage prepaid.

Date: 6/10/05

Stephen S. Clark, BBO # 085500
General Counsel
RCG LLC
17 Ivaloo Street Suite 100
Somerville, MA 02143
(617) 625-8315