UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY<br>    Plaintiff<br><br>V.<br><br>TIMOTHY McNAMARA, ET AL<br>    Defendants | C.A. NO. 05-11056-JLT |

**ANSWER OF DEFENDANT TIMOTHY McNAMARA
TO FIRST AMENDED COMPLAINT**

The defendant, Timothy McNamara ("McNamara"), answers the First Amended Complaint for Declaratory Relief as follows.

1. McNamara is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. Admitted.

4. Admitted.

5. McNamara is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

6. Admitted.

7. Admitted insofar that the unit owners association is a trust, but otherwise McNamara is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

8. McNamara states that on or about April 1, 2002, he acquired ownership of Unit C14 through a trust that he had created, and that on or about April 23, 2002, the trustee of said trust resigned, and further answering, since April 1, 2002, McNamara has been the sole owner of Unit C14.

9. Admitted.

10. The document attached as Exhibit A to the Complaint speaks for itself and no further response is required.

11. The document attached as Exhibit A to the Complaint speaks for itself and no further response is required.

12. Admitted.

13. Admitted.

14. McNamara admits that he received partial payments, mostly as a result of the legal action he brought against Clarendon, denies that Clarendon undertook a timely and thorough investigation and, further answering as to the remaining allegations, he does not have knowledge or information sufficient to form a belief as to the truth thereof.

15. McNamara admits that he asserted claims with regard to an insurable interest and that he made demand, and further answering that he subsequently brought suit against Clarendon.

16. McNamara admits that he filed the action as described against Clarendon on or about July 17, 2003, but further answering states that after making a partial payment of $36,584, that Clarendon failed to effectuate a fair and prompt settlement of McNamara's claim, failed to respond to numerous requests by McNamara's counsel and failed to make payment for the repair and restoration of McNamara's Unit C14, all of which resulted in the bringing of said action, which included claims under c.176D and c.93A. The answer filed by Clarendon speaks for itself and no further response is required

17. Admitted.

18. The Release document, Exhibit "A" hereto, speaks for itself and no further response is required.

19. McNamara is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. McNamara does not intend to bring suit at this time against Clarendon directly, however, he reserves his right to proceed against Clarendon in the event that Clarendon is determined to have liability as an insurer of 74 Kent Street, LLC ("74 Kent") to the extent that his claims against 74 Kent were not released in the Release of January 28, 2004.

11. The document attached as Exhibit A to the Complaint speaks for itself and no further response is required.

12. Admitted.

13. Admitted.

14. McNamara admits that he received partial payments, mostly as a result of the legal action he brought against Clarendon, denies that Clarendon undertook a timely and through investigation and, further answering as to the remaining allegations, he does not have knowledge or information sufficient to form a belief as to the truth thereof.

15. McNamara admits that he asserted claims with regard to an insurable interest and that he made demand, and further answering that he subsequently brought suit against Clarendon.

16. McNamara admits that he filed the action as described against Clarendon on or about July 17, 2003, but further answering states that after making a partial payment of $36,584, that Clarendon failed to effectuate a fair and prompt settlement of McNamara's claim, failed to respond to numerous requests by McNamara's counsel and failed to make payment for the repair and restoration of McNamara's Unit C14, all of which resulted in the bringing of said action, which included claims under c.176D and c.93A. The answer filed by Clarendon speaks for itself and no further response is required

17. Admitted.

18. The Release document, Exhibit "A" hereto, speaks for itself and no further response is required.

19. McNamara is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. McNamara does not intend to bring suit at this time against Clarendon directly, however, he reserves his right to proceed against Clarendon in the event that Clarendon is determined to have liability as an insurer of 74 Kent Street, LLC ("74 Kent") to the extent that his claims against 74 Kent were not released in the Release of January 28, 2004.

21.	McNamara admits the allegation that this Court has authority, pursuant to 28 U.S.C. §2201 to enter a declaratory judgment, however, he is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

Count I

22.	McNamara restates his answers to Paragraphs 1 through 21.

23.	The Release document speaks for itself and no further response is required.

24.	Admitted.

25.	Denied, and further answering, McNamara states that in the Release document of January 28, 2004 he did not release any claims against 74 Kent, and with regard to Resource Capital Group ("RCG"), he did not release RCG from any claims for loss of use of his condominium unit and damage to his personal property and further, he reserved the right to recover against any person or persons not otherwise released for any damages to his condominium unit in excess of $126,548.21 and to recover against any person or persons not released for all other damages without limitation, including loss of use and damage to his personal property. To that extent, McNamara further states that if Clarendon is an insurer of 74 Kent or any other person or entity which may be subject to the claims not released, then Clarendon may be liable as an insurer with respect to such claims.

26.	The Release document speaks for itself and no further response is required.

27.	Denied.

Count II

28.	McNamara restates his answers to Paragraphs 1 through 27.

29.	Admitted.

30.	McNamara admits accepting the $50,000 settlement, in accordance with the provisions set forth in the Release document and further answering, states

3

that Clarendon may have liability with respect to any claims that were not released as an insurer as set forth in his answer to Paragraph 25.

31. Denied, and further answering, states that Clarendon may be liable as an insurer to 74 Kent or other persons or entities as set forth in his answer to Paragraph 25.

32. Denied.

Count III

33. McNamara restates his answers to Paragraphs 1 through 32.

34. The policy provisions speak for themselves and no further response is required.

35. McNamara admits that he became aware of the damage to his unit as alleged, and he believes that 74 Kent and Steinbergh also became aware of the damage in October, 2002, but otherwise denies the remaining allegations of this paragraph.

36. Denied.

37. Denied.

Count IV

38. McNamara restates his answers to Paragraphs 1 through 37.

39. McNamara is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Admitted.

41. The allegations in this paragraph call for a conclusion of law, and therefore, no answer is required of McNamara.

42. Denied.

Count V

43. McNamara restates his answers to Paragraphs 1 through 42.

44. The policy provisions speak for themselves and no further response is required.

45. The policy provisions speak for themselves and no further response is required.

46.  The policy provisions speak for themselves and no further response is required.

47.  Denied.

AFFIRMATIVE DEFENSES

First Defense

The plaintiff's Complaint and each of the Counts fails to state a claim upon which relief can be granted.

Second Defense

The Release document of January 28, 2004 reserves to McNamara claims against 74 Kent, and with regard to RCG, reserves those claims that were not released including the loss of use of the condominium unit, damage to personal property. The Release also reserves McNamara's right to recover against any person or persons not otherwise released for damages to his condominium unit in excess of the amount of $126,541.21, and to recover against any person or persons not released for all other damages without limitation. This action should be dismissed as it is premature, and it may be determined that Clarendon is an insurer of 74 Kent or other persons or entities which may be subject to claims not released by McNamara.

Third Defense

The plaintiff's claims are barred by estoppel.

WHEREFORE, McNamara prays for relief as follows:

(1)  That the Court dismiss the Complaint with prejudice;

(2)  That the Court enter a declaratory judgment that any claims by McNamara as against 74 Kent and/or the defendant Steinbergh are not barred;

(3)  That the Court enter a declaratory judgment with respect to McNamara's claims against 74 Kent or any other person or entity which were not released, that Clarendon is bound by its obligations as an insurer to 74 Kent or such other insureds as the case may be;

5

(4)     For such other relief as the Court may deem proper.

June 16, 2005                                      Attorney for defendant,
                                                   Timothy McNamara,

                                                   _____
                                                   Roger S. Davis
                                                   BBO No. 116320
                                                   DAVIS & RUBIN
                                                   One Bowdoin Square
                                                   Suite 901
                                                   Boston, MA  02114-2919
                                                   (617) 742-4300

MCNAMARA4:CNIC:ANSWER

# RELEASE

For and in consideration of the sum of Fifty Thousand Dollars ($50,000.00), to be paid by Clarendon National Insurance Company to Timothy McNamara, I, Timothy McNamara, hereby release and discharge for myself, my heirs, personal representatives, insurers, attorneys, successors and assigns, Clarendon National Insurance Company, North American Risk Services, Breed's Hill Insurance Company, Michael Donovan, Patrick J. Donovan Associates, Inc., Ronald Brown, R. Brown Partners, Brookline Village Lofts Condominium Trust, and their respective agents, employees, trustees, officers, servants, contractors, brokers, insurers and attorneys (hereinafter referred to as "Releasees") from any and all actions, suits, causes of actions, claims, demands, damages, multiple damages, attorney fees, expert fees, costs, expenses, agreements and liabilities (collectively "claims") which in any way arise from, relate or pertain to the incident described below, including without limitation all such claims that I asserted or could have asserted in the lawsuit pending in Norfolk Superior Court, Civil Action Number 03-1312 entitled Timothy McNamara v. Clarendon National Insurance Company (hereinafter "lawsuit") or in any other lawsuit against the Releasees arising out of the water leakage incident that occurred on or about October 9, 2002 at in and affecting my condominium, Unit C14, 74 Kent Street, Brookline, Massachusetts (hereinafter referred to as "incident"), including, but not limited to claims for structural damage, loss of personal property, personal injury, loss of use, mold damage, breach of contract, breach of fiduciary duties, G.L. c. 93A/176D claims for unfair insurance claims settlement practices, multiple damages, and/or expert and attorneys fees.

I hereby authorize and direct my attorney, Roger Davis, Esq., to execute a Stipulation of Dismissal with Prejudice to dismiss the above referenced lawsuit.





"A"

In consideration of a release of claims from Lawrence W. Berman and Berman Adjusters, Inc., I agree to release Lawrence W. Berman and Berman Adjusters, Inc., their agents, servants, employees, contractors, insurers and attorneys for all actions, causes of action, claims, demands, agreements and liabilities arising out of the incident and Mr. Berman's adjustment of the claims and damages caused by the incident, including but not limited to the damages to my condominium unit and personal property, loss of use, mold damage, breach of contract, G.L. c. 93A/176D and breach of fiduciary duty damages.

In consideration of the payment referenced in the first paragraph of this Release, I agree to release Resource Capital Group ("RCG"), its agents, servants, contractors, brokers, insurers and attorneys for damages (including mold damage) to the structure, walls, doors, carpeting, flooring, finishes, HVAC, plumbing, wiring, and all other fixtures and components that were the subject of the lawsuit referenced in the first paragraph of this Release relative to the incident and my condominium unit, C14, 74 Kent Street, Brookline, Massachusetts. I specifically do not release RCG for any claims that I may have for my loss of use of the unit and damage to my personal property. I agree to defend and indemnify Clarendon National Insurance Company, North American Risk Services, Breed's Hill Insurance Company and their respective agents, servants, employees, contractors, subcontractors, adjusters, investigators and attorneys for any claims brought by RCG for the final payment of $50,000 which I understand will be made payable to me and my attorney, Roger Davis, Esq., and not RCG.

I acknowledge and assume the risk that my injuries, losses and damages may be or become permanent, progressive, greater, different in kind or more extensive than is now known or knowable.

I understand that this Release and settlement of the above referenced lawsuit is the

compromise of a disputed claim and that payment is not to be construed as an admission of liability of the persons, firms, insurers, and corporations hereby released by whom liability is expressly denied.

I acknowledge payments received to date for damages to my condominium unit in the amount of $76,548.21. In consideration of those payments and the payment referenced above, I hereby assign, transfer and set over to Clarendon National Insurance Company ("Clarendon") any rights that I may have to recover against any person or persons as a result of the incident and damages to the structure, walls, doors, carpeting, flooring, finishes, HVAC, plumbing, wiring, fixtures and components that were insured under the policy that formed the subject matter of the lawsuit referenced in the first paragraph of this Release but only to the extent of the payments and consideration paid to me in the amount of $126,548.21. I specifically reserve the right to recover against any person or persons not otherwise released herein for any damages to the structure, walls, doors, carpeting, flooring, finishes, HVAC, plumbing, wiring, fixtures and components in excess in the amount of $126,548.21 and to recover against any person or persons not otherwise released herein for all other damages without limitation including loss of use and damage to my personal property. In further consideration of the payments made to date and the consideration referenced above, I agree to cooperate with Clarendon in its subrogation claims arising out of this incident and agree not to disclose any confidential or technical information that has been or may be developed between and among my attorney, Roger Davis, Esq., Clarendon National Insurance Company and its counsel with respect to Clarendon's subrogation claims arising out of the incident, unless ordered to do so by Court order.

3

I, Timothy McNamara, have carefully read this Release, understand its contents, have had the advise and assistance of counsel and have signed it as my free act and deed.

Signed and sealed this 28th day of January, 2004.

_____
Timothy McNamara

Before me personally appeared the above named, Timothy McNamara, and acknowledged the foregoing to be his free act and deed.

_____
Notary Public
My commission expires:

WILLIAM J. DOHERTY
NOTARY PUBLIC
My Commission Expires August 21, 20__

4